### 26965. A. W. MUSE COMPANY *v.* COLLINS *et al.*

DECIDED NOVEMBER 16, 1938.

*Frank S. Twitty,* for plaintiff.
*J. D. Gardner, C. E. Crow, W. W. Warren,* for defendants.

STEPHENS, P. J.  1.  Where it was agreed in writing, on March 29, 1934, between a debtor and a creditor and a third person, a Federal Land Bank, that the indebtedness which was described as being in the principal sum of $3165.88 plus interest, etc., and as being secured by a security deed dated February 21, 1930, and recorded in a certain described book and page in the records of a described county, be settled in full for the sum of $1200 to be paid to the grantee, the creditor, in cash or in bonds, and that the instruments evidencing and securing the indebtedness should be assigned by the grantee, the creditor, to the Federal Land Bank, and the consideration of the settlement was paid to the grantee, the creditor, the contract, in so far as it related to the identity of the indebtedness which was the subject-matter of the settlement, contained no ambiguity, but clearly and unequivocally described the indebtedness.

2.  In a suit by the creditor, who was the grantee in the deed referred to, against the debtor who was the grantor in that deed, to recover on a note executed February 26, 1931, in the principal sum of $850, which was secured by a bill of sale to personalty of that date, a plea by the defendant, in which it was set up, as an accord and satisfaction of the indebtedness represented by the note sued on, the written contract described in paragraph 1 above which was executed subsequently to the execution of the note sued on, together with alleged earlier parol agreements and understandings between the plaintiff and the defendant, that as part of the contract of settlement, upon the payment to the plaintiff of the $1200 recited in the contract, the entire indebtedness between the plaintiff and the defendant, including the indebtedness sued on in the sum of $850, was settled in full, failed to set out a valid legal defense of accord and satisfaction of the indebtedness sued on, in that it sought to plead an accord and satisfaction against such indebtedness by setting up previous parol agreements or understandings which added to and modified an unambiguous contract in writing.

3.  The plea wherein it alleged that in such a suit, before the alleged written contract of settlement was made and executed, the plaintiff, in response to an inquiry by the defendant as to the amount of the indebtedness due by the defendant to the plaintiff, stated that the only indebtedness was that represented by the deed

to secure debt which was afterwards referred to in the written contract of accord and satisfaction, and that the plaintiff at the time knew that the defendant was negotiating with the Federal Land Bank for a loan with which to liquidate all indebtedness owed by the defendant, but which did not allege that the defendant did not know of the existence of the other indebtedness not mentioned by the plaintiff, and that the attempt of the plaintiff to now collect the undisclosed indebtedness out of the defendant amounted to a fraud upon the defendant, and that the plaintiff was withholding information as to the indebtedness sued on from the defendant, and did so wilfully, and for this reason had waived the right to collect the indebtedness from the defendant, was insufficient to set out any fraud or waiver on the part of the plaintiff which would prevent the plaintiff from maintaining the suit.

4. The pleas of the defendant failed to set out legal defenses, and the court erred in overruling the demurrers thereto. The judgment thereafter rendered for the defendant upon the issues made by the petition and the pleas of the defendant did not constitute a legal termination of the case.

*Judgment reversed. Sutton and Fellon, JJ., concur.*